## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PNC EQUIPMENT FINANCE, LLC,

     Plaintiff,

     vs.

Civil Action No. 1:14-cv-663

Bowman, M.J

MARK MARIANI, *et al*.,

     Defendants.

## AMENDED REPORT AND RECOMMENDATION[1]

This is a diversity action in which Plaintiff's complaint asserts claims for breach of contract against Defendants Harry Carr and Mark Mariani. In March 2017, the Court granted Plaintiff's motion for summary judgment and entered judgment in favor of Plaintiff. (Docs. 55, 56). Now before the Court is Plaintiff's motion to clarify judgment as to damages (Doc. 57) and the parties' responsive memoranda. (Docs. 58, 59, 60, 62). Also before the Court is Defendant Carr's motion to amend, stay, vacate or provide relief from summary judgment. (Doc. 63). The motions will be addressed in turn.

*A. Motion to Clarify Judgment*

On March 28, 2016, PNC Equipment Finance "PNCEF" filed its Motion for Summary Judgment against Defendants Carr and Mariani. *See* Docs. 39 and 40. PNCEF submitted the affidavit of David Chambers, a Vice President of PNCEF, testifying to the amount owed by the Defendants as a result of the Borrower's default under the Loan Documents and the Defendants' breaches of their underlying guarantees. See Doc. 40-3, at ¶¶ 2 & 26. Mr. Chambers provided a chart showing

---

[1] The original R&R (Doc.66) contained a typographical error on page four that is corrected herein.

PNCEF's calculations. See Doc. 40-3. Mr. Chambers' testified that the amount owed by Defendants Carr and Mariani totaled $26,421,527.93 as of March 28, 2016. See id. at ¶26.

PNCEF included the amount identified by Mr. Chambers in its Proposed Undisputed Facts submitted under Section I.E.3.a of the Court's Standing Order on Civil Procedure. *See* Doc. 40-2, at ¶50 ("The indebtedness owed and not paid to PNCEF as a result of the Loan Documents is $26,421,527.93. (Aff. of D. Chambers at ¶26)."). In his Response to Plaintiff's Proposed Undisputed Facts, Mr. Mariani admitted the amount of indebtedness. See Doc. 46, at ¶ 50 ("Admitted.").

On March 23, 2017, this Court issued an Order adopting the Report and Recommendation. (*See* Doc. 55). Shortly thereafter, also on March 23, 2017, this Court filed a Judgment, stating that the Report and Recommendation was adopted in full and that PNCEF's Motion for Summary Judgment was granted. (*See* Doc. 56). However, neither the March 23, 2017 Order nor the March 23, 2017 Judgment included the specific amount of the monetary judgment to which PNCEF is entitled.

To prevent injustice and avoid any doubts as to the amount owed to PNCEF as a result of this Court's granting PNCEF's Motion for Summary Judgment, PNCEF now requests that the March 23, 2017 Order and Judgment be amended to specify that the Defendants are jointly and severally liable for the $26,421,527.93 in damages identified in PNCEF's Motion for Summary Judgment.

Defendant Mariani opposes Plaintiff's motion.  Specifically, Mariani contends that Plaintiff's motion is not well-taken because Plaintiff and Mariani entered into a settlement letter (the "Agreement"), dated March 14, 2017 and fully executed on March

15, 2017, that clearly establishes the material terms of the settlement. The Agreement explicitly includes a provision that Judgment will only be entered against Mariani if he defaults under the settlement and then only for one-half of the outstanding debt.  As such, Mariani asks the Court to deny Plaintiff's motion. Defendant Carr also opposes Plaintiff's motion asserting that Plaintiff acted in bad faith and challenging the Court's decision to enter judgment in favor of Plaintiff.[2]

"[A] court properly acts under Rule 60(a) when it is necessary to correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial." *Price v. Medicaid Dir.,* No. 1:13-cv-74, 2016 U.S. Dist. LEXIS 6651, at *4 (S.D. Ohio Jan. 20, 2016) (*quoting In re Walter*, 282 F.3d 434, 440-41 (6th Cir. 2002)). Similarly, Federal Rule of Civil Procedure 59(e) permits this Court to use its discretion to alter or amend a prior judgment "to prevent manifest injustice." *Walnut Private Equity Fund, L.P. v. Argo Tea, Inc.*, No. 1:11-cv- 770, 2011 U.S. Dist. LEXIS 138884, at *16-17 (S.D. Ohio Dec. 2, 2011).

Upon consideration of the pleadings and applicable law, and for good cause shown, it is herein **RECOMMENDED** that Plaintiff's Motion be **GRANTED** in its entirety and the Order of the Court (Doc. 55) and Judgment (Doc. 56) should be modified as follows: Judgment should be granted in favor of Plaintiff PNC Equipment Finance, LLC, and jointly and severally against Defendants Harry Carr and Mark Mariani in the amount of $26,421,527.93, plus post-judgment interest accruing from March 23, 2017 at the legal rate.

---

[2] Defendant Carr also moves to vacate or set aside the Court's order granting Plaintiff's motion for summary judgment.  As more fully explained below, Defendant Carr's motion is not well-taken and should be denied.

*B. Defendant Carr's Motion to Amend, Stay, Vacate or provide relief from Judgment (Doc. 63).*

Defendant Carr seeks to amend, stay, vacate and/or provide relief from judgment due to Judge Dlott's alleged bias and lack of impartiality relating to this matter. Specifically, Defendant Carr asserts that Judge Dlott should have been disqualified from this matter due to aviation loan(s) between PNCEF and Judge Dlott's spouse. According to the unidentified declarant, Judge Dlott's spouse was one of "multiple people" with whom PNCEF had aviation loans. Also, according to the declarant, her spouse was one of the "multiple people" with whom PNCEF settled with for less than the full amount of the loan. (*Id.* at ¶¶ 3, 4, & 13). Mr. Carr claims that her spouse was "let off the hook", based on her status of being a federal judge. (*Id.* at ¶5). Based upon these unsubstantiated allegations, Defendant Carr purportedly argues Judge Dlott could not be fair and impartial in this matter.

28 U.S.C. §455(a), provides that a judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." (emphasis added).  Motions to recuse are committed to the sound discretion of the trial court. *Green v. Nevers*, 111 F.3d 1295, 1303 (6th Cir. 1997).  The law presumes all judges to be impartial, and the party seeking disqualification "'bears the substantial burden'" of overcoming the presumption. *Scott* v. Metropolitan Health Corp, 234 Fed. Appx. 341, 352 (6th Cir. 2007) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)); *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001).

Viewing the record as a whole and carefully considering the reasons for recusal or disqualification under 28 U.S.C. § 455(a) as well as those stated by Defendant in his

4

motion, the undersigned concludes that Defendant Carr's arguments do not constitute a reasonable basis upon which Judge Dlott's impartiality might be questioned. Accordingly, Defendant Carr's assertions are wholly without merit and his motion (Doc. 63) should be **DENIED.**

In sum, it is herein **RECOMMENDED** that Plaintiff's motion to clarify the Clerk's judgment be **GRANTED** and the judgment modified as outlined above. It is further **RECOMMENDED** that Defendant Carr's motion to amend, vacate, stay and/or provide relief from Judgment be **DENIED**.

_s/_Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION

PNC EQUIPMENT FINANCE, LLC,

      Plaintiff,

    vs.

Civil Action No. 1:14-cv-663

Bowman, M.J

MARK MARIANI, *et al.*,

      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).